## DOSSETT v. DAVIS.
### No. 3324.

District Court, E. D. Tennessee.

Sept. 9, 1939.

John Jennings, Jr., of Knoxville, Tenn., for plaintiff.

Clarence A. Templeton, of Jellico, Tenn., and Robert F. Davis, of LaFollette, Tenn., for defendant.

TAYLOR, District Judge.

This action was tried to the court and a jury. The jury found for the plaintiff and fixed damages.

There was tried along with the claim for damages the question of jurisdiction, whether there was diversity of citizenship between plaintiff and defendant.

The case went to the jury with the reservation that the court would consider, if necessary, the evidence and authorities controlling the jurisdictional question. This finally has been done. It would be inter-esting to review the authorities that have been considered, but I doubt if what I might say on the subject would add a great deal to what has already been said by courts whose opinions are more persuasive and in some instances controlling.

Counsel are not in disagreement at any rate as to the law; it is a question of fact that controls here. It is settled law that one may change his residence so as to create diversity of citizenship even if the change of residence is for the sole purpose of creating it. Whether the change of abode has the effect of creating diversity of citizenship depends on the intention of the individual, and not upon the reasons for changing the place of abode. If, therefore, the plaintiff here moved to Kentucky with the fixed idea of becoming a resident of Kentucky, and had no intention of returning to the former place of residence after termination of his prospective suit, then there is diversity of citizenship, and the court has jurisdiction. But if the plaintiff moved to Kentucky solely to create colorable diversity and not with the honest and fixed intent of making that his residence in truth and in fact, there is no diversity such as to give the court jurisdiction.

It is conceded that the institution of the suit in a Federal court furnished the motive for going to Kentucky, but it is insisted that he nevertheless had the requisite intent to abide there as a citizen.

Intent can often be determined only by the circumstances, such as the doings of the individual in the new locality, his attitude toward the things that create economic stability, conversations not intended to be repeated, that is, at unguarded times. This type of evidence is meager, but from it I am forced to the conclusion that the plaintiff did not remove himself to Kentucky with the requisite intent to become a citizen of Kentucky, but that he went there with the intent to create such apparent diversity as would enable him to maintain this suit. He perhaps had another motive, not here necessary to discuss, but in no sense evidence of intention to become a bona fide resident of Kentucky.

Having this view of the probative effect of the evidence on this subject, there is but one course open, that is, to set aside the verdict and enter an order dismissing the action for want of jurisdiction.